IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN COMPANY FOR<br>LIFE AND HEALTH INSURANCE, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | FILED: JUNE 18 , 2008 |
| | ) | No. 08CV3504 |
| v. | ) | JUDGE HIBBLER |
| | ) | MAGISTRATE JUDGE NOLAN |
| CATHERINE R. PETERSON, | ) | |
| | ) | |
| EUGENE J. PETERSON, and | ) | AEE |
| | ) | |
| RAMANU V. BELLO a/k/a | ) | |
| ROMANO PETERSON a/k/a | ) | |
| RAMONU PETERSON, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR INTERPLEADER RELIEF

North American Company for Life and Health Insurance ("NACOLAH") for its

complaint for interpleader relief pursuant to 28 U.S.C. §§ 1335, 1397, and 2361 (2008), against

Catherine R. Peterson ("Catherine"),  Eugene R. Peterson ("Eugene"), and Ramanu V. Bello

a/k/a Romano Peterson a/k/a Ramonu Peterson ("Ramanu"), states as follows:

## PARTIES

1.      NACOLAH is a corporation organized and incorporated in the State of Iowa and

has its principal place of business in Illinois.

2.      Upon information and belief, Catherine is a citizen and resident of Lithia Springs,

Georgia.

3.      Upon information and belief, Eugene is a citizen and resident of Chicago, Illinois.

4.     Upon information and belief, Ramanu is a citizen and resident of Chicago, Illinois.

**JURISDICTION AND VENUE**

5.     The amount in controversy in this matter consists of life insurance benefits in the amount of $180,000.

6.     This court has subject matter jurisdiction of this lawsuit under 28 U.S.C. § 1335 (2008) because two of the adverse claimants are of diverse citizenship and the amount in controversy exceeds $500.00. Venue is appropriate in the Northern District of Illinois under, 28 U.S.C. § 1397.

**FACTS**

7.     Amoco Life Insurance Company (n/k/a NACOLAH) issued its life insurance Policy No. 6278340788 insuring Corliss D. McKay ("Insured") with a face amount of $180,000 and with a Policy Date of March 1, 1988 ("Policy").

8.     When the Policy was issued, Eugene and Catherine were the primary beneficiaries.

9.     On or about June 16, 1988 the Insured submitted a Policy Service Request form and added Ramanu as a primary beneficiary, but only as to $5,000 of the Policy proceeds. (A copy of this Policy Service Request form is attached as Exhibit A.) Amoco Life Insurance Company (n/k/a NACOLAH) recorded this change on June 30, 1988.

10.     On or about September 25, 2007 the Insured purportedly signed a Beneficiary and Owner Change Request and named Catherine the beneficiary as to 99% of the Policy proceeds and Eugene the beneficiary as to 1%. (A copy of this Beneficiary and Owner Change Request is attached as Exhibit B.)

11.     The Insured died on October 9, 2007.

12.     On November 11, 2007 NACOLAH received a "Proof of Death Claimant's Statement" from Catherine in which Catherine submitted proof of the Insured's death and claimed her interest in the Policy proceeds. (A copy of the Proof of Death Claimant's Statement is attached as Exhibit C.)

13.     In a letter dated February 13, 2008 to NACOLAH, counsel for Eugene alleged that there is evidence that the Insured did not sign the September 25, 2007 Beneficiary and Owner Change Request. (A copy of this letter and the attached "Lab Report" from Diane March, Certified Document Examiner, is attached as Exhibit D.)

14.     While Ramanu has not formally made a claim to the proceeds, he has a latent claim to a portion of the proceeds by virtue of the June 16, 1988 Policy Service Request, which may govern the distribution of the proceeds should the September 25, 2007 Beneficiary and Owner Change Request be set aside.

15.     The claims of the defendants are adverse to each other and conflicting and by reason of those adverse and conflicting claims, NACOLAH is unable to discharge its admitted liability of $180,000 under the Policy without exposing itself to multiple litigation or multiple liability or both.

16.     NACOLAH is indifferent as to whom among the defendants is entitled to the insurance proceeds and is interested only in paying and discharging its admitted liability once; however NACOLAH is unable to do so by reason of the adverse and conflicting claims of the defendants and thus files this complaint seeking interpleader relief.

3

17.　　NACOLAH desires to pay into this Court or to its Clerk or at the direction of this Court, its admitted liability for death benefits payable in the amount of $180,000, to abide the further order of this Court, and to recover its cost of suit and attorneys fees.

WHEREFORE, plaintiff North American Company for Life and Health Insurance prays this Honorable Court enter an order or orders granting it the following relief:

A.　　granting leave to NACOLAH to deposit its admitted liability of $180,000 with this Court;

B.　　enjoining the defendants, and each of them, during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against NACOLAH in any state or federal court or other forum with respect to the insurance proceeds payable under NACOLAH's Policy No. 6278340788 and on account of the death of the Insured, Corliss D. McKay, and that the injunction issue without bond or surety;

C.　　declaring that NACOLAH has no further liability to the defendants or any of them or to any person or entity claiming through the defendants, or any of them, for insurance benefits payable on account of the death of Corliss D. McKay;

D.　　excusing NACOLAH from further participation in this cause and ordering defendants to litigate their claims and contentions to the policy proceeds without further involving NACOLAH;

E.　　awarding NACOLAH its actual court costs and attorneys fees incurred in connection with prosecuting this complaint of interpleader;

F.　　granting NACOLAH such further and other further relief as this Court may deem appropriate.

4

Respectfully submitted,

NORTH AMERICAN COMPANY FOR
LIFE AND HEALTH INSURANCE

By:  /s/ Morgan J. Milner
            One of Its Attorneys

Joseph J. Hasman
Morgan J. Milner
CHITTENDEN, MURDAY & NOVOTNY LLC
303 West Madison Street, Suite 1400
Chicago, Illinois 60606
312.281.3600 (telephone)
312.281.36768 (facsimile)

O:\MI1377\41174 McKay\Pleadings\Complaint.doc

5

# EXHIBIT A



# AMOCO LIFE INSURANCE COMPANY
306 SOUTH 15TH STREET · OMAHA, NEBRASKA 68102
## 402-344-4500

POLICY SERVICE
REQUEST

| POLICY NUMBER: 78390788 | PRIMARY INSURED: Corliss Peterson | DATE: 6/16/88 |

☐ **BILLING AMOUNT/FREQUENCY CHANGE**
___ ANNUAL
___ SEMI-ANNUAL
___ QUARTERLY
___ SINGLE PREMIUM – RESUME BILLING

\* ___ PREAUTHORIZED CHECK
___ DIRECT BILLING
$ ___ PAID (NEW AMOUNT)
\*COMPLETED PAC FORM AND VOIDED CHECK
MUST BE SENT

☐ **BILLING ADDRESS CHANGE**
●
_____
_____
_____
city      state      zip

ADDITIONAL POLICIES TO BE CHANGED
TO THE NEW ADDRESS
POLICY NUMBER _____
POLICY NUMBER _____
POLICY NUMBER _____
POLICY NUMBER _____

☐ **DECLARATION OF LOST POLICY/REQUEST FOR DUPLICATE POLICY:** I hereby certify that the above referenced policy issued by Amoco Life Insurance Company has been lost or destroyed under the following circumstances:_____
_____ and that no person(s), partnership, corporation or other entity has any claim or interest in said policy or its benefits by virtue of any gift, sale, assignment, pledge, property settlement, divorce or other court action. Based on the foregoing statements, I hereby request issuance of a duplicate policy or that Amoco Life Insurance Company grant the benefits under the policy, and and I agree to indemnify and hold harmless Amoco Life Insurance Company from any and all losses which it may incur as a result of granting this request. It is further agreed that if the original policy is found, the duplicate policy will be returned to the Home Office. This ●amification will be binding on my heirs, executors, administrators, successors and assignees.

☐ **NAME CHANGE**  (Do not use for Ownership or Beneficiary change)

|  | PRIMARY INSURED | SECONDARY INSURED | OWNER |
| --- | --- | --- | --- |
| From: | | | |
| To: | | | |
| Reason: | | | |
| Effective: | | | |

☐ **TERMINATE INSURANCE COVERAGE FOR**

Name of Insured _____     Coverage Description _____

☒ **CHANGE OF BENEFICIARY** – I hereby revoke all previous beneficiary designations and all prior methods-of-settlement requests and agreements, if any, and elect to change the beneficiary of the above-referenced policy to:

Primary Beneficiary: Eugene J Peterson Jr  Catherine R Peterson
RAMONU Peterson - Adopted son Corlie wants
him to receive $5000.00

Name          Address          Relationship

Contingent Beneficiary: _____
_____

Name          Address          Relationship

I UNDERSTAND that requested service will not become effective until the request is received received at the Home Office by Amoco Life Insurance Company, and then in accordance with the terms of this policy. I agree to the above request.

| Witness _Carolyn Scott_ | Date 6/16/88 | Policyowner _Corliss Peterson_ |
| Witness | Date | Policyowner Collateral Assignee (if any) |

LF-148-9/85

☐ CHANGE OF OWNER — I hereby assign, transfer and set over all rights, titles, interests and incidents of ownership in the above-referenced policy to:

_____ _____ _____
Print Name                Address                   Tax I.D. #

(hereinafter called assignee) as the separate property and estate of the Assignee with the right to exercise all rights, benefits, privileges and options contained in the policy, to receive any cash, loans or other values, if any, to change the beneficiary, to assign the policy and to agree with Amoco Life Insurance Company as to any release, modification or amendment to the policy.

I UNDERSTAND that the requested service will not become effective until the request is received, approved and recorded at the Home Office of Amoco Life Insurance Company. Dated at _____ on _____, _____, _____

| City | State | Month | Day | Year |
|------|-------|-------|-----|------|

Witness:_____      Policyowner:_____

Witness:_____      Assignee (if any):_____
                                       Irrevocable Beneficiary
Witness:_____      (if any):_____

RECORDED BY Amoco Life Insurance Company on_____, _____ by

_____ _____ _____
Print Name                Title                     Signature

(Note: In recording the Change of Owner, Amoco Life Insurance Company assumes no responsibility for its validity or legal effect.)

☐ CHANGE TYPE OF COVERAGE TO:        ☐ OPTION 1          ☐ OPTION 2

☐ POLICY LOAN REQUEST — I hereby apply for the following policy loan:

☐ MAXIMUM AMOUNT AVAILABLE          ☐ A LOAN IN THE AMOUNT OF $_____
                                      or the amount of the loan available if less.

I UNDERSTAND I will be required to sign a separate policy loan form agreeing to the loan terms.

☐ INCREASE, DECREASE COVERAGE

| Insured or Secondary Name | Basic Coverage or Rider Description | Old Amount | New Amount |
|---------------------------|-------------------------------------|------------|------------|
|                           |                                     |            |            |
|                           |                                     |            |            |
|                           |                                     |            |            |
|                           |                                     |            |            |

Please date and sign below. If an increase has been requested, please submit with a full application and with all medical questions answered.

☐ PARTIAL SURRENDER REQUEST — I hereby request a check for $_____

I understand the partial surrender is the total of the check amount and my death benefit will be reduced by the total amount of the partial surrender. In addition, a fee of $25.00 will be deducted from my remaining cash value.

☐ FULL CASH SURRENDER REQUEST — I hereby apply for payment of the full cash surrender value of this policy. The surrender value shall include the cash value increased by unearned policy loan interest and decreased by any outstanding policy indebtedness. In consideration of this agreement, Amoco Life Insurance Company is hereby discharged of all other obligations under this policy and it is understood that this policy is no longer in effect or in force as of the coverage termination date. I have enclosed my policy or completed the Declaration of Lost Policy on the reverse.

I UNDERSTAND that requested service will not become effective until the request is received received at the Home Office of Amoco Life Insurance Company, and then in accordance with the terms this policy. I agree to the above request(s).

Witness_____    Date_____    Policyowner_____

Witness_____    Date  JUN 20 1996   Policyowner_____
                                          RECEIVED        Collateral Assignee (if any)

LF-148-9/85

# EXHIBIT B

Received 9/26/2007 5:06:19 PM [Central Daylight Time] in 00-52 on line [14] for 53621 * Pg 1/1 FEDEXKINKOS                                    PAGE  01/01



**North American Company**
for Life and Health Insurance
P.O. Box 87452 • Chicago, IL 60680-0452
A Member of the Sammons Financial Group



*L24021*

## BENEFICIARY AND OWNER CHANGE REQUEST

Insured **Corliss Davidson-Mckay**            Policy Number **627 8340788**

1. [X] Change **MAILING ADDRESS** for:   [X] Owner   [ ] Insured   [ ] Premium Payor

Address **1639 Bradmere Lane  Lithia Springs, GA 30122**

[X] Send mail to owner, in care of: **Corliss Davidson-Mckay**

2. **BENEFICIARY CHANGE** - PLEASE PRINT FULL NAME AND RELATION TO INSURED. INCLUDE THE ADDRESS AND TAX ID OF NON-FAMILY MEMBERS. All prior beneficiaries and payment methods are revoked. Pay the proceeds at death in a single sum to:

Primary: **Catherine Renee Peterson (99%)**                              Relationship: **daughter**
**1639 Bradmere Ln, Lithia Springs, GA 30122**

Contingent: **Eugene Julius Peterson (10%)**                              Relationship: **Son**
**3212 lovell Dr Atlanta, GA 30311**

Unless stated otherwise above, proceeds will be paid in equal shares when more than one beneficiary is listed. If no designated beneficiary lives to receive payment, proceeds will be paid according to the terms of the policy.
**Catherine Renee Peterson is to recieve 99% of the proceeds Eugene Julius Peterson is to recieve**

3. **NAME CHANGE** for:   [ ] Insured   [ ] Owner (Complete section 4)   [ ] Beneficiary (Complete section 2)   [ ] Premium Payor

From: _____    To: _____

State reason for change _____
*(See instructions on the reverse side about evidence of change.)*

4. **OWNER CHANGE** - PLEASE PRINT FULL NAME AND RELATION TO INSURED. Transfer all benefits, rights, and privileges incident to the owner of this policy. No other person, firm or corporation has any interest in the policy except the undersigned and no proceedings in insolvency or bankruptcy have been instituted or are pending against the undersigned. *(Show address of new owner in this Section.)*




Unless stated otherwise above, if an owner, other than the insured, dies before the insured, owner rights will pass to the deceased owner's estate.

5. **COMMUNITY PROPERTY RIGHTS AND INTEREST ASSIGNMENT** - I understand that a life insurance policy may be considered community property by law in certain states and wish to designate this policy as "separate" property.   [ ] Yes   [X] No
*(A Yes answer requires both spouses' signatures below, except in TX.)*

REQUESTS ON THIS FORM SHALL BECOME EFFECTIVE WHEN EXECUTED AND RECORDED BY THE COMPANY AT ITS ADMINISTRATIVE OFFICE. All requests must be currently dated and signed. *(Please refer to signing requirements on the reverse side of this form.)*   **9-25-07**

**September 25, 2007**
Date                                                Present Owner Signature

**Peterson**
Witness                                             New Owner Signature*                    **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**
                                                                                             Tax ID or SS#
                                                    * *If owner is a corporation, trust or other entity, write the signee's title next to the signature.*

Owner's Spouse (AK, AZ, CA, ID, LA, NM, NV, TX, WA, WI)**

**(678) 608-6328**
Owner's daytime telephone number          Trustee Name (Printed)        Signature        **9-25-07**
                                                                                          Date Created

                                          Trustee Name (Printed)        Signature

Telephone: (877) 872-0757 ◆ Fax: (605) 335-3621

L-2402                    **(See Instructions for completing this form on the reverse side.)                    R12 11/03
New Business Underwriting Service Center • 260 East Broad Street, 4th Floor, Columbus, OH 43215 • P.O. Box 182541, Columbus, OH 43218-2541
Administrative Office • P.O. Box 5088 • Sioux Falls, SD 57117-5088

# EXHIBIT C

 North American Company
for Life and Health Insurance
P.O. Box 87452 • Chicago, IL 60680-0452
A Member of the Sammons Financial Group



**RECEIVED** J9531

PROOF OF DEATH CLAIMANT'S STATEMENT
Mail To: 525 W. Van Buren Street, Chicago, IL 60607-3820
Claims Questions: 1-800-733-2524  Fax to: 312-648-7785

2007 NOV 11  P 11: 49

**CLAIMS**

**VERY IMPORTANT: BEFORE COMPLETING THIS STATEMENT, PLEASE READ ALL INSTRUCTIONS ON THE INSTRUCTION PAGE**

*NOTE:* Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime. Such person may be subject to fines and/or confinement in prison.

**PART ONE – To be completed in full**

| Name of Deceased (Print in Full) | Policy Number(s) |
|---|---|
| CORLISS DAVIDSON-McKAY | 6278340788 |

| Date and Place of Birth | Date and Place of Death | Cause of Death |
|---|---|---|
| 8/05/48 OHIO | 10/09/07 Georgia | Cancer |

If your proceeds exceed the current applicable minimum set by the Company, ($15,000), an interest bearing checking account will be opened for you, and you will promptly receive your personalized checks. You may immediately utilize all or a portion of those funds by writing checks against that account. The funds in the account, meanwhile, will earn interest at a competitive variable rate.

I certify, under penalty of perjury, the following is my correct Taxpayer Identification Number.

| Beneficiary's Social Security Number | Tax Identification Number if the beneficiary is an Employer/Corporation/Trust/Estate |
|---|---|
| 330 64 7262 | |

| Name of Beneficiary* (Print in full) | Date of Birth (MM/DD/YYYY) | Your Relationship to Deceased |
|---|---|---|
| CATHERINE R. PETERSON | 12 13 1971 | Daughter |

| Address (Street, City, State, Zip) | Telephone Number |
|---|---|
| 1639 BRADMERE LANE  LITHIA SPRINGS, GA 30122 | (678 608 - 6328 |

| Beneficiary/Payee Signature (Required) | Date |
|---|---|
| *Catherine Peterson* | 11-8-07 |

Catherine Peterson
1639 Bradmere Lane
Lithia Springs, GA 30122

*If there is more th:                                           aimant's Statement form.

Copies of the form are acceptable.

J-953                                                                                                    12/06

# EXHIBIT D



# DIANE MARSH

### CERTIFIED DOCUMENT EXAMINER

11256 Alexandria Lane
Westchester, IL 60154

**PHONE: (708) 492-0430**
Facsimile: (708) 492-0431

CERTIFIED

EXPERT WITNESS TESTIMONY

SCIENTIFIC EXAMINATION OF
HANDWRITING, TYPEWRITING
AND RELATED MATTERS

February 11, 2008

## LAB REPORT

**VIA FAX AND FEDERAL EXPRESS**

Mr. Alfred T. Whiters
Attorney at Law
25 E. Washington St., Suite 1217
Chicago, IL 60602

Re:    **Corliss Davidson McKay, deceased**
       **Change of Beneficiary dated September 25, 2007**

Dear Mr. Whiters:

A careful examination has been made of the following documents:

### QUESTIONED DOCUMENT

Q-1.   The questioned document is a Beneficiary and Owner Change Request
       dated September 25, 2007, with the North American Company for Life
       and Health Insurance (faxed copy). The request shows a beneficiary
       change of 99 percent to Catherine Renee Peterson (daughter) and 1 (one)
       percent to Eugene Julius Peterson (son). It appears the document was
       received by the North American Company via fax transmittal on
       September 26, 2007. The document contains the disputed signature of
       Corliss Davidson McKay.

       It is unknown to this examiner if the original signed document was forwarded to
       the North American Company and is available for examination. If the original
       change of beneficiary is in existence, it should be presented for examination.

Mr. Whiters        -2-        February 11, 2008
Re: Corliss Davidson McKay

## KNOWN

You submitted the following exhibits for comparison purposes:

### K-1. Corliss Davidson McKay:

K-1a. An Application for Life Insurance with the Amoco Life Insurance Company dated December 9, 1987, containing a signature, Corliss Peterson (faxed copy);

K-1b. A Change of Beneficiary request with the Amoco Life Insurance Company dated February 29, 1988, containing a signature, Corliss Peterson (faxed copy);

K-1c. A Change of Beneficiary request with the Amoco Life Insurance Company dated June 16, 1988, containing a signature, Corliss Peterson (faxed copy);

K-1d. A Designation of Beneficiary with the Public Schools and Retirement Fund of Chicago dated May 18, 2005, containing a signature, Corliss Davidson McKay (photocopy);

K-1e. An Illinois Drivers License issued on October 14, 2005, and containing a signature, Corliss Davidson McKay (photocopy);

K-1f. A Master Account Agreement with Washington Mutual Bank dated March 14, 2006, and containing a signature, Corliss Davidson McKay (photocopy);

K-1g. A Medical Authorization and Release dated September 6, 2006, and containing a signature, Corliss Davidson McKay (photocopy);

K-1h. A Withdrawal Slip with Washington Mutual dated December19, 2006, containing a signature, Corliss Davidson McKay (faxed copy);

K-1i. A Direct Deposit Authorization Form dated February 15, 2007, containing a signature, Corliss Davidson McKay (photocopy); and

K-1j. A Settlement Statement consisting of four pages dated April 4, 2007, containing a signature, Corliss Davidson McKay (faxed copy).

### K-2. Catherine Peterson

K-2a. A copy of a postcard postmarked on September 19, 2006, addressed to Eugene Peterson, at P. O. 7620, Fort Gordon, GA 30405.

Mr. Whiters                                    -3-                        February 11, 2008
Re: Corliss Davidson McKay

## PURPOSE OF EXAMINATION

You have asked me to determine if Corliss Davidson McKay (K-1), the writer of the known signature specimens, genuinely signed her name to the document at issue (Q-1). Additionally, you have asked me to examine the handwriting appearing on the postcard postmarked on September 19, 2006, to determine if the hand printed portion appearing on the Change of Beneficiary (Q-1) was hand printed by the same individual who wrote the postcard, attributed to Catherine Peterson (K-2).

## EXAMINATION

All standard testing procedures were used in this examination, including various optical aids, various measuring devices, and stereoscopic, microscopic examination. The questioned signature and hand printing were then compared to each of the known exemplars.

## FINDINGS - Corliss Davidson Peterson

After a complete examination of the documents submitted, I have concluded that Corliss Davidson McKay probably <u>did not</u> sign her name to the document at issue, the Change of Beneficiary dated September 25, 2007. This conclusion is based on the unexplainable differences between the disputed Corliss Davidson McKay signature and the known Corliss Davidson McKay signatures in the following areas: pictorial appearance, margin patterns, placement of signature on signature line, a relative height of letters, letter design, initial and terminal strokes, line quality, movement, rhythm and writing skill.

This opinion is qualified as the Change of Beneficiary examined is a poor quality copy and all the documents examined were photocopies or faxed copies. The closest document in time to the questioned document is dated April 4, 2007, approximately five months before the date on the questioned document. If available, submitting handwriting samples of Corliss Davidson McKay closer in time to the change of beneficiary dated September 25, 2007, would be advisable.

Mr. Whiters                              -4-                        February 11, 2008
Re: Corliss Davidson McKay

## FINDINGS -- Catherine Peterson

I have concluded there is evidence to indicate that Katherine Peterson of the known handwriting (K-2a) may have written the printed portion of the Beneficiary and Owner Change Request dated September 25, 2007. There is little hand printing for comparison purposes on the postcard, however, the printing on the postcard is consistent with the name of "Eugene Peterson" and the "GA" words on the Beneficiary and Owner Change Request. Additionally, there are favorable comparisons between the placement of I-dots and t-crossings, and writing skill between the two sets of documents. Obtaining additional hand printing from Catherine Peterson for further evaluation is advisable.

The findings can be shown with enlarged illustrative charts. If this case goes on for trial, please allow a minimum of three weeks' notice so that I may prepare the demonstration exhibits. A labeled set of documents used in this examination are being returned with this report.

Respectfully submitted,

Diane Marsh
Board Certified Forensic Document Examiner

Enclosure