IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CATHERINE R. PETERSON, EUGENE J. PETERSON, and RAMANU V. BELLO a/k/a RUMANO PETERSON a/k/a RAMONU PETERSON, | ) ) ) ) ) ) | Case No. 08 CV 3504 |
| Defendants, | ) ) | Judge Hibbler |
| and | ) ) | Magistrate Judge Nolan |
| CROSS CLAIM | ) ) | |
| EUGENE PETERSON, | ) ) | |
| Cross-Plaintiff, | ) ) | |
| v. | ) ) | |
| CATHERINE R. PETERSON. | ) ) | |
| Cross-Defendant. | ) | |

**DEFENDANT EUGENE PETERSON'S ANSWER
TO INTERPLEADER AND CROSS-COMPLAINT
<u>AGAINST DEFENDANT CATHERINE R. PETERSON</u>**

**NOW COMES**, **EUGENE R. PETERSON**, hereinafter ("Eugene"), by and through his attorney Alfred T. Whiters, separately answering plaintiff's complaint for Interpleading Relief and cross-claiming against defendant Catherine R. Peterson pursuant to FRCP 13(g) answers as follows:

# I

## ANSWER TO PLAINTIFF'S COMPLAINT

1. Eugene admits the allegations in paragraph 1 of said complaint.

2. Eugene admits the allegations in paragraph 2 of said complaint.

3. Eugene admits the allegations in paragraph 3 of said complaint.

4. Eugene admits the allegations in paragraph 4 of said complaint.

5. Eugene admits the allegations in paragraph 5 of said complaint.

6. Eugene admits the allegations in paragraph 6 of said complaint.

7. Eugene admits the allegations in paragraph 7 of said complaint.

8. Eugene admits the allegations in paragraph 8 of said complaint.

9. Eugene admits the allegations in paragraph 9 of said complaint.

10. Eugene admits a signed Beneficiary Owner Change Request was submitted as name Catherine the beneficiary, however, Eugene denies that Catherine signed the Change Request and that Catherine signature was forged on the Change Request and demands strict that said signature on the Change Request is Catherine's signature.

11. Eugene admits the allegation.

12. Eugene neither admits nor denies the allegations in paragraph 10 of said complaint.

13. Eugene admits the allegations in paragraph 13 of said complaint.

14. Eugene admits the allegations in paragraph 14 of said complaint.

15. Eugene admits there are adverting and conflicting among the parties, neither admits nor denies the remaining allegations in paragraph 15 of said complaint.

16. Eugene neither admits nor denies the allegations in paragraph 16 of said complaint.

17. Eugene admits the first section of paragraph 17 of said complaint and denies the remainder of said paragraph.

**WHEREFORE**, Defendant **EUGENE PETERSON** request this Honorable Court to enter orders:

A. Granting Eugene R. Peterson $175,000 from life insurance Police No. 6278340788 with the remainder going to Ramonu v. Bello a/k/a Romano, Ramonu Peterson.

B. Denying Catherine R. Peterson any proceeds from said policy.

C. Ordering Catherine R. Peterson to pay all parties, attorneys fees and cost.

D. Any other relief this Court deems just and equitable.

II

**DEFENDANT EUGENE J. PETERSON
CROSS CLAIM FOR TORTUOUS
INTERFERENCE WITH INHERITANCE EXPECTANCY**

For a cross claim against Defendant Catherine R. Peterson, Defendant Eugene R. Peterson alleges:

1. Corliss Davidson McKay, ("Decedent"), is the natural mother of all Defendants: Catherine R. Peterson ("Catherine"), Eugene J. Peterson ("Eugene"), Ramanu V. Bello, a/k/a Rumano Peterson, a/k/a Ramonu Peterson ("Bello").

2. Before her death, on June 16, 1988, decedent executed a life insurance contract naming Catherine and Eugene equal beneficiaries with Bello receiving $5,000 from the policy (PLT Comp. Par. 2, pgs. 7-8)

3. Allegedly on September 25, 2007, Decedent signed a Beneficiary and Owner's Change Request naming Catherine as majority beneficiary receiving 99% of the insurance policy proceeds with the remainder going to Eugene.

4. Decedent died on October 9, 2007, resulting in Catherine submitting a proof of death to the insurance company and requesting her interest in policy based on the September 25, 2007, change in beneficiaries document.

5. Eugene received copies of the September 25, 2007, beneficiary change request and consulted a handwriting expert to verify the truthfulness of Decedent signature.

6. Diane Marsh, a certified Document examiner, examined the signature on the September 25, 2007, Beneficiary and Owner's Change Request, and concluded the signature on the document was not Decedent's signature. (PLT Comp. Pg. 3, par. 13)

7. Upon knowledge and belief, with knowledge of the existence of Decedent's June 16, 1988 decision to name Catherine and Eugene as primary beneficiaries, Catherine set forth on an intentional scheme to interfere with Eugene's expectantly for her own benefit by submitting and/or changing Decedent's selection of primary beneficiaries.

8. As a result of acts by Catherine, Eugene was denied his share of his inheritancy.

9. Catherine's actions were made with the intent of interfering with Eugene's rightful share of his inheritancy from the Decedent's insurance policy.

10. Catherine's interference with Eugene's expectancy was willful and wanton, and knowing, and should be assessed punitive damages.

11. By reason of Catherine's wrongful interference with Eugene's expectancy, Eugene has been damaged in an amount in excess of $100,000.

**WHEREFORE**, **CROSS-PLAINTIFF, EUGENE R. PETERSON**, respectfully prays that judgment be entered in his favor and against Cross-Defendant Catherine R. Peterson, as follows:

A. For an award of Cross-Plaintiff actual damages and punitive damages in an amount appropriate to punish Cross-Defendant for her willful, wanton, and knowing conduct.

B. For Plaintiff's costs and fees.

C. Judgment rendered against Cross-Defendant in favor or Cross-Plaintiff for an amount in excess of $100,000, plus punitive damages.

D. For such other or further relief as this Court deems just and equitable.

Respectfully submitted,

**EUGENE R. PETERSON**

By:     /s/Alfred T. Whiters
Attorney for Eugene Peterson

Alfred T. Whiters
Attorney At Law
25 East Washington Street, Suite 1217
Chicago, Illinois 60602
(312) 922-1446